UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TIMOTHY JEROME IRBY,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>Defendants. | Case No. 2:25-cv-00936-RFB-EJY<br><br>**ORDER<br>AND<br>REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP Application is complete and granted below. Plaintiff's Complaint is indecipherable and on that basis the Court recommends dismissal without leave to amend.

**I.    Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     Discussion

The Court reviewed Plaintiff's Complaint and finds it impossible to identify any fact or law that states a claim. District Courts have the authority to dismiss cases *sua sponte* without further notice to a plaintiff when the plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 613 (9th Cir. 1988). Here, even if there was some nugget of decipherable information, there appears to be no set of facts that would entitle Plaintiff to proceed in federal court. *Denton v. Hernandez*, 504 U.S. 25, 33, (1992); *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). That is, the State of Nevada is immune from suit and, to the extent Plaintiff seeks to sue a Nevada Highway Patrol Officer (referred to by Plaintiff as "NCHP"), Plaintiff's Complaint cannot proceed as it would be impossible for any defendant to reasonably formulate a response to the garbled statements made.

More specifically, "[t]he Eleventh Amendment's ultimate guarantee is that nonconsenting States may not be sued by private individuals in federal court." *Brooks v. Sulphur Springs Valley Elec. Co-Op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted); *Breck v. Doyle*, 796 Fed.Appx. 333, 336 (9th Cir. 2019)) (internal citations and quotations omitted). "The Eleventh Amendment bars individuals from bringing lawsuits against a state for money damages or other retrospective relief." *Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021), *cert. denied*,— U.S. —, 142 S. Ct. 900, 211 L.Ed.2d 606 (2022). There is no indication that the State of Nevada has waived its Eleventh Amendment immunity and consented to being sued, therefore it is immune from Plaintiff's suit. *See Breck*, 769 Fed.Appx. at 336 ("The State of Nevada has not waived its Eleventh Amendment immunity, so it is immune from [plaintiff's] damages claims."); Nev. Rev. Stat. § 41.031(3). Thus, the Court finds Plaintiff's claims against the State of Nevada must be dismissed.

Further, Rule 8 of the Federal Rules of Civil Procedure requires a party filing a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). Here, Plaintiff's Complaint provided no notice of any claims, nor the grounds for any claims to which a defendant can respond.

### III.   Order

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

### IV.   Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED without prejudice, but also without leave to amend.

Dated this 3rd day of June, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).